UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGY POLICY ADVOCATES<br>170 S. Lincoln Street<br>Suite 150<br>Spokane, WA 99201<br>　　　　Plaintiff,<br>　　v.<br><br>UNITED STATES DEPARTMENT OF STATE<br>2201 C Street NW<br>Washington, DC 20520<br><br>　　　　Defendant. | Civil Case No. 21 - 2878 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ENERGY POLICY ADVOCATES ("EPA") for its complaint against Defendant UNITED STATES DEPARTMENT OF STATE ("STATE"), alleges as follows:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production under two August 2021 FOIA requests for certain described agency records, to which request defendant has not provided any of the statutorily required responses and therefore has denied.

2) These records are central to a matter of timely, current political and legal deliberations, of great public interest and policy and legal significance.

3) The records requested include and relate to the required ethics clearance and recusal process for Special Presidential Envoy for Climate Change John Kerry, who is employed by or at minimum under the ethics supervision of the Department of State. See,, e.g., "The State Department's Ethics Office reviewed Special Presidential Envoy Kerry's assets and investments upon his appointment to identify holdings that could pose a significant risk of a conflict of interest," a State Department spokesperson wrote in a

statement to ABC News. "Special Presidential Envoy Kerry agreed to divest the assets identified by the Ethics Office and has done so." Soo Rin Kim, Lucien Bruggeman, and Libby Cathey, "New climate envoy John Kerry sold off energy holdings to avoid conflict of interest, disclosures show," ABC News, April 30, 2021, https://abcnews.go.com/Politics/climate-envoy-john-kerry-sold-off-energy-holdings/story?id=77423378.

4) However, recent reports suggest that Mr. Kerry maintains certain investments which could compromise his ability to deal in a straightforward and non-conflicted manner with one of his primary targets for diplomacy, the Peoples Republic of China. See, e.g., Sen. Marco Rubio, "Sen. Marco Rubio: It's time to fire John Kerry, Biden's ethically challenged climate czar," Fox News, October 15, 2021, https://www.foxnews.com/opinion/sen-marco-rubio-fire-john-kerry-biden-climate-czar. As EPA noted in its request, "The requested information is of great public interest for its relevance to the Biden Administration's ethics policies and procedures and compliance therewith."

5) Plaintiff requested fee waiver on the alternative bases of the public interest in the records and EPA's intention and demonstrated ability to broadly disseminate public information its status as a media outlet as recognized by the federal government for FOIA purposes. Plaintiff also sought expedited processing for the same reasons.

6) On August 11, 2021, defendant assigned the Plaintiff's initial request number F-2021-09118, denied plaintiff's request for expedited processing, saying nothing about fee waiver and claiming "unusual circumstances" would prohibit State from complying with

FOIA's statutory 20-day deadline to provide a substantive response. 5 U.S.C.S. § 552(a)(6)(A)(i).

7) To understand State's unexplained claim of "unusual circumstances" surrounding plaintiff's August 10, 2021 request, on August 12, 2021, plaintiff submitted a subsequent FOIA request to State requesting all correspondence from its foiaacknowledgement@groups.state.gov email account used for these purposes which includes the term "unusual circumstances", dated over a six-week period from July 1, 2021 through August 12, 2021, inclusive. Plaintiff noted "this is a simple request. It should cost little to no time or other resources to process, expeditiously."

8) State acknowledged this second request on August 18, 2019, assigning it request number F-2021-09239. State has not provided any further response to this request.

9) Having heard nothing from defendant regarding the August 10, 2021 request other than the initial acknowledgement letter, on October 25, 2021, Plaintiff requested an update on the status of that request. On October 27, 2021, Defendant responded, *in toto*, "This is in reference to your email below regarding the status of FOIA request control number F-2021-09118. The Office of Information Programs and Services' electronic records system indicates this request is in process. If you have any concerns or questions regarding a FOIA-related matter, please contact the FOIA Requester Service Center at 202-261-8484 or send an e-mail to foiastatus@state.gov."

10) State has failed to provide Plaintiff with the requisite records or determination affirming the Department's processing of Plaintiff's requests at issue in this matter by, e.g., providing an initial determination of the number of responsive records it intends to release or withhold within the 20-day time limit established under 5 U.S.C.S. §

552(a)(6)(A)(i), as also articulated by this Court in *CREW v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013). Under *CREW*, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline of 20 working days.

11) Defendant State's failure to respond in any meaningful way, whatsoever, despite the passage of more than eleven weeks has constructively exhausted all of Plaintiff's administrative remedies, leaving plaintiff no choice but to file this lawsuit to compel State to comply with the law regarding release of agency records.

12) In this context, Plaintiff asks this Court to compel State to release records responsive to its two August 2021 FOIA requests, and an index of any claimed exempt material.

## PARTIES

13) Plaintiff EPA is incorporated in the state of Washington as a nonprofit and is dedicated to transparency and open government. EPA uses state and federal open records law to shed light on the operations of government including private influences on government policymaking and other actions. It thereby also educates the public on those matters.

14) Defendant State Department is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

15) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

16) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the records are located in Washington, D.C., and defendant State is a federal agency.

## STATUTORY BACKGROUND

17) FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013); *accord Shermco Industries v. Secretary of U.S. Air Force*, 452 F. Supp. 306, 317 (N.D. Tex. 1978).

18) U.S. Code 5 U.S.C.S. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period. Neither apply here as State did not seek additional information from plaintiff regarding the request sat issue in this suit.

19) State owed EPA "*CREW*" responses to the requests, including a "determination" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), by September 8, 2021 and September 10, 2021, respectively. State has provided no substantive response or "determination" with respect to either request

20) In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies

that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" (*emphasis* added).

21) State is now past its statutory period for issuing such determinations on the above-described request without providing any substantive response to plaintiff's request. Among the consequences of State's violation(s) of the statutory time limits of FOIA, is that State cannot now seek fees.

22) Defendant State is improperly denying plaintiff access to agency records in violation of FOIA.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

23) Plaintiff re-alleges paragraphs 1-22 as if fully set out herein.

24) Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

25) Plaintiff has a statutory right to the information it seeks and that defendant has unlawfully withheld.

26) Plaintiff is not required to further pursue administrative remedies.

27) Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to its FOIA requests described above, and any attachments thereto, but State failed to provide them; and that

    b. State's processing of plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy State's obligations under FOIA; and that

    c.    State must now produce records responsive to plaintiff's requests and must do so at no cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

28) Plaintiff re-alleges paragraphs 1-27 as if fully set out herein.

29) Plaintiff is entitled to injunctive relief compelling State to produce the records responsive to the FOIA requests described in this pleading.

30) Plaintiff asks the Court to enter an injunction ordering State to produce to Plaintiff, within 10 business days of the date of the order, the requested records sought in Plaintiff's FOIA requests described above, and any attachments thereto.

31) Plaintiff asks the Court to order the parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to Defendant's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

32) Plaintiff re-allege paragraphs 1-31 as if fully set out herein.

33) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

34) This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 1st day of November, 2021

ENERGY POLICY ADVOCATES
By Counsel:


/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar # 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com